**UNITED STATES, Appellee,**

v.

**James O. GOODWIN, Private, United States Army, Appellant.**

No. 39,254.

CM 439365.

U. S. Court of Military Appeals.

Sept. 8, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Charles A. Byler, Captain Edward J. Walinsky* (on petition).

For Appellee: *Major Douglas P. Franklin* (on petition).

1. Violations of Articles 85, 92, 95, 121, and 134, Uniform Code of Military Justice, 10 U.S.C.

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by general court-martial in Germany and, consistent with his pleas, found guilty of two specifications of desertion, three specifications of wrongful possession of a hypodermic syringe in violation of a general regulation, escape, larceny of $1,086, and four specifications involving possession or use of heroin.[1] The military judge sentenced Goodwin to a dishonorable discharge, confinement at hard labor for 5 years, and total forfeitures.

Pursuant to a pretrial agreement the convening authority reduced the sentence to a bad-conduct discharge, confinement for 14 months, and total forfeitures. After the findings and the approved sentence were affirmed by the United States Army Court of Military Review, we granted appellant's petition for review on two specified issues. These issues concern the receipt in evidence of records of three nonjudicial punishments administered to the appellant.

The issues granted here are similar to those on which the Court has granted review in a number of other cases. However, after examining the record and noting the substantial reduction made by the convening authority in appellant's original sentence pursuant to the pretrial agreement, we conclude that—even assuming arguendo the military judge erred in admitting the records of Article 15 punishment—the appellant could not have been prejudiced thereby. Clearly, a reassessment of the sentence without regard to the nonjudicial punishments would yield no benefit to the appellant. Rather than delay the inevitable, we should—and do—affirm the decision of the United States Army Court of Military Review.

Judges COOK and FLETCHER concur.

§§ 885, 892, 895, 921, and 934, respectively.