**UNITED STATES, Appellee,**

v.

**Charles Y. YUM, Specialist Four, U. S. Army, Appellant.**

No. 35,657.

CMR 436142.

U. S. Court of Military Appeals.

Nov. 10, 1980.

For Appellant: *Captain H. Franklin Young* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Demmon F. Canner, Captain Maurice D. Healy* (on brief); *Colonel Robert B. Clarke, Major Elliot J. Clarke, Jr., Captain Jan W. Serene, Captain Michael K. King.*

For Appellee: *Captain Glenn D. Gillett* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Ted B. Borek, Major Michael B. Kennett, Captain Michael J. Wall, Captain Brian X. Bush* (on brief); *Captain Daniel A. Dolan, Captain Douglas P. Franklin.*

Opinion

FLETCHER, Judge:

We granted the petition in this matter [1] in order to examine whether a charge and specification alleging wrongful impersonation, laid under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, fails to allege an offense. Our conclusion is that Additional Charge III and its specification are deficient, requiring reversal in part.

The record of trial provides the perimetric facts. Among the charges and specifications to which the appellant entered a plea of guilty was an allegation of a violation of Article 134. Additional Charge III alleges that the appellant

did at Seoul, Korea . . ., wrongfully, willfully, and unlawfully impersonate an

---

1. Appellant, in accordance with his pleas, was found guilty by general court–martial of uttering worthless checks, absence without leave for one day, larceny of $4,698.00, violation of ration regulations, and impersonating a Criminal Investigation Division Agent, in violation of Articles 123a, 86, 121, 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 923a, 886, 921, 892 and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 5 years, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved only so much of the sentence as provided for a bad–conduct discharge, confinement at hard labor for 2 years, forfeiture of all pay and allowances and reduction to E–1.

Army Criminal Investigation Division Agent by informing Seoulin Hotel employees that he was an Army Criminal Investigation Division Agent and by using Eighth U.S. Army Criminal Investigation Division as his address on a Seoulin Hotel Guest Registration.

This guest registration form shows his address as "Eighth Army CID." Furthermore, the appellant's responses show that he told the desk clerk that he worked in the Eighth Army CID.

The Table of Maximum Punishments distinguishes between the punishment awardable for an impersonation with intent to defraud and a lesser included offense without such intent. In the instant case we see from the drafted specification and from the judge's exposition of the elements of the offense that the maximum awardable sentence was a bad–conduct discharge, 6 months' confinement and 6 months' forfeiture of two–thirds pay per month.

Directing himself to the accused, the trial judge defined the following as elements of the impersonation charge:

That at Seoul, Korea, on or about 22 December 1976, you impersonated an agent of the United States Government, specifically, an Army Criminal Investigation Division Agent, by identifying yourself as the same; and

Second, that your impersonating of this Criminal Investigation Division Agent, Army CID, was wrongful, willful, and unlawful; and;

Third, that under the circumstances your conduct was prejudicial to good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Now, the term "impersonate" means to assume or act the person or role of another; in other words, you held yourself out to the Seoulin Hotel employees as an Army–U. S. Army Criminal Investigation Agent by giving that, putting it on your address on the hotel registration card.

The appellant urges and the Government agrees that for many years there has been a parallelism between "[t]he offense of impersonation in the military and [the Federal offense] of false personation." [2] When "required to determine the maximum punishment for . . . false impersonation because [none was listed] in the Manual for Courts–Martial, Army, 1928," the Board of Review did so in *United States v. Miller*, 43 B.R. 135 (1944), by reference "to the Federal statute on false personation then in effect, 18 U.S.C. § 76, and [certain] Army regulations."

Later, the Judge Advocate General of the Army ruled "that the maximum punishment for impersonation was three years[,] SPJGN 1945/277095, 29 March 1945, *as digested in* 4 *Bull. JAG* 236," but did so in reliance by analogy to a Supreme Court case holding intent to defraud under the federal statute broader than common law fraud. *United States v. Lepowitch*, 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943). After *Lepowitch*, Congress deleted the "intent to defraud" language from the statute.[3] "[I]n 1949 a sample specification for impersonation was added to the Manual for Courts–Martial, and a maximum punishment was listed. Manual for Courts–Martial Army, 1949." *United States v. Yum*, No. 35,657, Supplemental Final Brief on Behalf of the United States, pp. 1–2. The revised Federal Statute, 18 U.S.C. § 912, was in effect at this time, replacing 18 U.S.C. § 76 on June 25, 1948.

It would be fair to say that the federal courts are of divided opinion regarding the interpretation of the 1948 revision of the Federal Statute. The Fifth Circuit requires allegation and proof of intent to defraud;

---

**2.** This offense, now 18 U.S.C. § 912, "was originally enacted as the Act of April 18, 1884, Chapter 26, 23 Stat. 11." *United States v. Yum*, No. 35,657, Supplemental Final Brief on Behalf of the United States, p. 7.

**3.** The only explanation offered in the legislative history was that "[t]he words 'with the intent to defraud the United States or any person', . . . were omitted as meaningless in view of *United States v. Lapowich* [sic], . . ." 18 U.S. C.A. § 912, Historical and Revision Notes, p. 191.

thus, the 1948 change was considered an inadvertent legislative error, a result of misunderstanding. *United States v. Lepowitch, supra* ; *United States v. Randolph,* 460 F.2d 367 (5th Cir.1972) (section 912[1]); *Honea v. United States,* 344 F.2d 798 (5th Cir.1965) (section 912[2]).

The Second, Fourth and Ninth Circuits disagree. *United States v. Rose,* 500 F.2d 12 (2d Cir.1974), *vacated on other grounds,* 422 U.S. 1031–32, 95 S.Ct. 2648, 45 L.Ed.2d 688 (1975); *United States v. Guthrie,* 387 F.2d 569 (4th Cir.1967), *cert. denied,* 392 U.S. 927, 88 S.Ct. 2284, 20 L.Ed.2d 1386 (1968); *United States v. Mitman,* 459 F.2d 451 (9th Cir.1972), *cert. denied,* 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111 (1972). The Fourth Circuit's analysis directly contrasts with the Fifth Circuit's since it relies on the "accepted canon of statutory construction that where Congress has advertently changed the legislative language the change must be given effect." *United States v. Guthrie, supra* at 571. Accordingly, this interpretation "recognizes that the injury to the federal government is occasioned by masquerading and acting as a government official regardless of fraudulent intent." *Id.*

We, however, consider logically dispositive the ruling of the District of Columbia Circuit in *United States v. Rosser,* 528 F.2d 652 (D.C.Cir.1976), which effectively reconciles the opinions of the Fourth and Fifth Circuits in this matter. Circuit Judge J. Skelly Wright, in writing for the Court, agrees both that Congress did not intend to enlarge the statute by means of the revision and that courts should reluctantly read back into statutory definition words excised by Congress. Thus, it is stated in *United States v. Rosser, supra* at 656 (footnotes omitted) as follows:

> The crime defined by Section 912[1] has two elements: falsely pretending to be an officer or employee of the United States, and acting "as such." If acting "as such" is understood to mean performing an overt act that asserts, implicitly or explicitly, authority that the impersonator claims to have by virtue of the office

he pretends to hold, the concerns of both the Fifth and Fourth Circuits can be accommodated. Attempting to exercise pretended authority is far more offense to the interests of the United States than is "mere bravado." Moreover, it seems reasonable for Congress to have concluded that virtually everyone who pretends to be an officer or employee of the United States and in some manner asserts authority by acting "as such" seeks "to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." *United States v. Lepowitch, supra,* 318 U.S. at 704, 63 S.Ct. at 196. Thus elimination of intent to defraud as an element of the crime defined by Section 912[1] does not "overrule *Lepowitch* by relegislation or * * modify the substance of the provision." *Honea v. United States, supra,* 344 F.2d at 802.

The *Rosser* opinion centers around an interpretation of the phrase from Section 912[2] "acting as such." The mischief to be eliminated is the exercise of pretended federal authority. As the Court reasoned:

> [O]ur approach finds support in the many decisions which have found indictments inadequate for failure to allege a sufficient act. *See, e.g., United States v. Harmon,* 2 Cir., 496 F.2d 20 (1974); *Ekberg v. United States,* 1 Cir., 167 F.2d 380 (1948); *United States v. Larson,* 125 F.Supp. 360, 15 Alaska 256 (1954); *cf. United States v. Harth,* W.D.Okla., 280 F.Supp. 425 (1968). In these cases the indictments have been found defective because the act charged was the false pretense itself, whereas the statute clearly requires an act *and* the pretense. If this requirement could be satisfied by any overt act consistent with the impersonation, the two elements defined by the statute could always be found in the same action. Thus the teaching of the cases cited above is that the act that completes a violation of Section 912[1] must be something more than merely an act keeping with the falsely assumed character.

*Id.* at 656–57.

*Rosser*'s indictment charged both pretense to be a I.R.S. Agent and solicitation

about and arrangement for gasoline sales. "It therefore sufficiently charged that he 'acted as' an employee of the Internal Revenue Service." *Id.* at 658.

In the instant case the appellant was charged with the service–discrediting conduct of impersonation without intent to defraud, an impersonation offense with historical reference and direct analogy to 10 U.S.C. § 912[1]. Because we perceive analytical similarity with the principles involved here, we have turned to Federal case law for logical guidance.

As we read the principles enunciated in *United States v. Rosser, supra,* we consider them directly applicable to the lesser included offense of impersonation without intent to defraud laid under general Article 134. We expressly do not rule on the legality of the greater offense of impersonation with intent to defraud in light of *United States v. Lepowitch, supra.* However, as to the lesser included offense here, we conclude that both law and logic compel not only an allegation and a showing of the pretense of authority, but also the allegation and showing of an act which "must be something more than merely an act in keeping with the falsely assumed character." *United States v. Rosser, supra* at 657. As this case presents an instance of bare false representation that the appellant was an agent of the Army Criminal Investigation Division, nothing more, we conclude that this specification is deficient.

The decision of the United States Army Court of Military Review is reversed only as to Additional Charge III and its specification. The findings pertaining thereto are set aside and Additional Charge III is dismissed. The sentence is affirmed. *See United States v. Goodwin,* 9 M.J. 216 (C.M. A.1980).

EVERETT, Chief Judge (concurring in the result):

The current Manual for Courts–Martial contains a form specification for alleging impersonation of a commissioned officer, warrant officer, noncommissioned officer, petty officer, or agent of superior authority.

App. 6c, spec. 155, Manual for Courts–Martial, United States, 1969 (Revised edition). In pertinent part, the same form was included in the preceding version of the Manual. App. 6c, spec. 145, Manual for Courts–Martial, United States, 1951. And a similar form, addressing impersonation of an officer, noncommissioned officer, or agent of a superior authority, appeared in the version before that one. App. 4, spec. 158, Manual for Courts–Martial, U. S. Army, 1949.

In each Manual, the Table of Maximum Punishments sets forth the maximum sentence for such impersonation. Uniformly, a distinction is drawn between impersonation with intent to defraud–for which a dishonorable discharge and confinement at hard labor for 3 years is authorized–and "all other cases"–for which, in the 1969 and 1951 versions a bad–conduct discharge and confinement at hard labor for 6 months is authorized, while in the 1949 Manual only confinement at hard labor for 6 months was imposable. Para. 127c, Manual (1969), *supra*; para. 127c, Manual (1951), *supra*; and para. 117c, Manual (1949), *supra.*

Since I have not located any corresponding references in earlier Manuals for Courts–Martial, I assume that the enactment in 1948 of 18 U.S.C. § 912 prompted the inclusion of the form specification and the punishment provisions in the 1949 Manual and its successors. The coverage of 18 U.S.C. § 912 extends to anyone who "falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof." In line with its purpose of protecting the general good repute and dignity of the government service, this language has received a liberal construction and has been held to apply even to impersonation of an Air Force enlisted man. *United States v. Wight,* 176 F.2d 376 (2nd Cir. 1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950).

The specification of concern in this case alleges only that Yum

did at Seoul, Korea, on or about 22 December 1976, wrongfully, willfully, and unlawfully impersonate an Army Crimi-

nal Investigation Division Agent by informing Seoulin Hotel employees that he was an Army Criminal Investigation Division Agent and by using Eighth U. S. Army Criminal Investigation Division as his address on a Seoulin Hotel Guest Registration.

Such alleged impersonation of a CID agent could apparently be prosecuted in a Federal District Court under 18 U.S.C. § 912, *see United states v. Wight, supra,* and, so could be tried by court–martial under a charge which relied on the third clause of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, making punishable "crimes and offenses not capital." However, the specification here does not purport to rely on any provision of Title 18 of the United States Code.

Instead, the draftsman of the charge sheet presumably was seeking to utilize form specification 155 of the 1969 Manual, *supra.* But, of course, the appellant was not alleged to have impersonated an officer, warrant officer, noncommissioned officer, or petty officer. Rather, it was apparently being alleged that Yum was representing himself to be an "agent of superior authority."

The meaning of that term remains unclear, even after consideration of the briefs and the oral arguments in this case. Probably, it was intended as shorthand for the language of 18 U.S.C. § 912–"an officer or employee acting under the authority of the United States or any department, agency or officer thereof." But because of the uncertainty as to the meaning of this phrase in the Manual, there is less occasion than would otherwise exist to resolve any ambiguity of the specification in favor of the Government.[1]

However, assuming arguendo that the specification suffices to allege that appellant fell within a category of persons who under the Manual provisions cannot be impersonated with impunity, there still remains the question of whether the specification alleged conduct which is sufficient to constitute impersonation. In this regard, the principal opinion appropriately looks to the interpretations of 18 U.S.C. § 912, to which form specification 155 seems heavily indebted. *United States v. Rosser,* 528 F.2d 652 (D.C. Cir. 1976), announced that to be criminally liable under the federal statute, an accused must have engaged in overt acts related in some way to the type of activity performed by the person impersonated. While criminal liability does not hinge on the impersonator's receiving any benefit from his impersonation, he must to some extent have played the role of the person impersonated. The allegations in the specification here do not suffice for that purpose.

A footnote to the government's brief suggests that, if otherwise defective, the specification might be salvaged as a simple disorder. However, this contention was not developed in the briefs and argument. Moreover, the military judge was not proceeding on any such premise. Accordingly, rather than pursue the possibility that the specification might be sustained because it alleges a simple disorder, I prefer to concur in the result and dismiss entirely the charge of impersonation.[2]

1. The general rule is that ambiguities in criminal statutes should be resolved in favor of the defendant, but a "clear [legislative] purpose" would justify consideration of "a less [than] literal construction." *United States v. Campos–Serrano,* 404 U.S. 293, 298, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971). *See generally United States v. Moore,* 423 U.S. 122, 145, 96 S.Ct. 335, 346, 46 L.Ed.2d 333 (1975), which reaffirmed that the principle "of strict construction ... is satisfied if the words [of a criminal statute] are given their fair meaning in accord with the manifest [legislative] intent." If this is done, the narrowest construction possible has been applied.

2. The distinction drawn in the Manual for punishment purposes between impersonations "with intent to defraud" and those in which such intent is lacking does not trouble me, although I recognize that in cases like *United States v. Lepowitch,* 318 U.S. 702, 63 S.Ct. 914, 87 L.Ed. 1091 (1943), "intent to defraud" has been so widely extended in prosecutions for false impersonations that few impersonations otherwise within the Manual's proscription will not be accompanied by such intent.

**6**

COOK, Judge (dissenting):

I am not sure of the import of the statement in the principal opinion that "[w]e expressly do not rule on the legality of the greater offense of impersonation with intent to defraud." At 4. As I have no doubt of the legality of the offense, I explicitly disassociate myself from any implication to the contrary. As to the merits, I disagree with the holding that no offense is alleged in the specification in issue.

The specification alleges that appellant wrongfully, willfully, and unlawfully impersonate[d] an Army Criminal Investigation Division Agent by informing Seoulin Hotel employees that he was an Army Criminal Investigation Division Agent and by using Eighth U. S. Army Criminal Investigation Division as his address on a Seoulin Hotel Guest Registration.

Thus, even accepting the majority's view that more than "mere bravado" is required for commission of the offense, the specification alleged, and during the providency inquiry appellant conceded, that his impersonation was accomplished in the course of a business transaction and in response to a specific inquiry by the civilian dealing with the accused. The reasonable inference from the interchange is that the accused cloaked himself in the mantle of a CID agent, not as mere puffery of position, but for some special benefit he thought might accrue to him.

I would affirm the decision of the Court of Military Review.