**UNITED STATES, Appellee,**

v.

**Specialist Four William F. WESLEY,
SSN 230–88–9169, United States
Army, Appellant.**

**SPCM 15116.**

U. S. Army Court of Military Review.

20 Nov. 1981.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Elliot J. Clark, Jr., JAGC, Captain H. Franklin Young, III, JAGC, and Captain Charles E. Trant, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Douglas P. Franklin, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain Karen S. Gillett, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

CLAUSE, Judge:

Appellant was convicted, pursuant to his pleas, by a special court-martial, with members, of the following offenses: two aggravated assaults, two threats, two violations of a lawful regulation, one simple assault and one impersonation of a noncommissioned officer. He was sentenced to a bad-conduct discharge, confinement at hard labor for five months, forfeiture of $299.00 per month for five months and reduction to the grade of Private E–1. The convening authority approved the sentence, but suspended the execution of that portion thereof adjudging confinement at hard labor in excess of 75 days.

The main issue in this case is whether the specification alleging wrongful impersonation of a noncommissioned officer is legally sufficient to allege an offense. The specification alleges that the appellant—

> ... did at Fort Knox, Kentucky, an installation under military control, ..., wrongfully, willfully and unlawfully impersonate a noncommissioned officer of the Army by representing to Private E–1 Joseph M. Klinker, a basic trainee, that he, the said Specialist Four E–4 William F. Wesley, was a noncommissioned officer.

The appellant asserts that the recent decision of *United States v. Yum*, 10 M.J. 1 (C.M.A.1980), requires that the specification contain an allegation of "acting out" of the impersonation. The instant specification, as in *Yum*, follows the form set forth in the Manual for Courts-Martial, United States, 1969 (Revised edition). In *Yum* the accused was alleged to have impersonated an Army Criminal Investigation Division Agent by informing civilian hotel employees that he was a CID agent and by using Eighth U.S. Army CID as his address on the hotel guest register.

We believe there is both a factual and legal distinction between this case and *Yum* which compels a different result. Judge Fletcher noted in *Yum* that the case

presented "an instance of bare false representation that the appellant was an agent of the Army Criminal Investigation Division, nothing more." The misrepresentation was made in the civilian community to civilian hotel employees who may or may not have been impressed by the false identity even assuming they were aware of its significance. This case involves a misrepresentation made on a military post to a basic trainee that the appellant was a noncommissioned officer. The consequences of such a misrepresentation in a military setting, in terms of obedience, respect, and personal relationships, are well known and unusually significant. In *United States v. Messenger*, 2 U.S.C.M.A. 21, 6 C.M.R. 21 (1952), the Court of Military Appeals stated that—

> [T]he gravamen of the military offense of impersonation does not depend upon the accused deriving a benefit from the deception or upon some third party being misled, but rather upon whether the acts and conduct would influence adversely the good order and discipline of the armed forces. It requires little imagination to conclude that a spirit of confusion and disorder, and lack of discipline in the military would result if enlisted personnel were permitted to assume the role of officers and masquerade as persons of high rank.

*See also United States v. Collymore*, 11 U.S.C.M.A. 666, 29 C.M.R. 482 (1960); *United States v. Demetris*, 9 U.S.C.M.A. 412, 26 C.M.R. 192 (1958); *United States v. Kupchik*, 6 M.J. 766 (A.C.M.R.1978); Winthrop, Military Law and Precedents 726 (2nd Ed. 1920 Reprint); Cooper, Persona Est Homo Cum Statu Quodam Consideratus, The Army Lawyer, April 1981, at 17.

Although *Messenger* and many of the cited cases involved the impersonation of officers, the same considerations are applicable in cases, such as the instant case, where an enlisted person impersonates a noncommissioned officer to another enlisted person who is unaware of the impersonator's true status. The unique relationship of noncommissioned officers and enlisted subordinates requires special protection from would-be imposters. *See United States v. Brussow*, 3 C.M.R. 290 (ABR 1952); *United States v. Yaroslowsky*, 66 BR 121 (ABR 1944).

It is clear from the military precedents that the wrongful, willful and unlawful impersonation of an officer or noncommissioned officer is a viable offense under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, because of the adverse impact the act of impersonation would have on good order and discipline. Before *Yum* there was never a requirement in military law that, in addition to an allegation and a showing of the pretense of authority, there must also be an allegation and showing of an act which "must be something more than merely an act in keeping with the falsely assumed character."

Three separate opinions were written in *Yum*, consequently, its rule is not evident. In his opinion, Judge Fletcher noted the historical parallelism between the offense of impersonation in the military and the federal offense of false personation under 18 U.S.C. § 912. In determining the legal sufficiency of the specification he examined federal precedent and ultimately relied upon the interpretation of the federal statute announced in *United States v. Rosser*, 528 F.2d 652 (D.C.Cir.1976). The opinion does not cite military precedents involving impersonation of officers and noncommissioned officers. Thus it is unclear whether he considered them inapplicable in a case involving the impersonation of a CID agent in the civilian community or whether he intended that they be overruled by silence.

Chief Judge Everett concurred only in the result. He expressly noted that "the appellant was not alleged to have impersonated an officer, warrant officer, noncommissioned officer, or petty officer." Rather, that it was being alleged that *Yum* was representing himself to be an "agent of superior authority," a term the Chief Judge considered unclear. He also looked to 18 U.S.C. § 912 and its interpretation in the *Rosser* opinion and concluded that the specification was not sufficient to allege that

*Yum* had "played the role of the person impersonated."

Judge Cook in his dissenting opinion found the specification legally sufficient.

As noted at the outset, there is a significant factual distinction between this case and *Yum* in that it concerns the impersonation of a noncommissioned officer on a military installation to a basic trainee. After careful consideration of the separate opinions in *Yum*, we are satisfied that the decision did not have the effect of overruling prior military jurisprudence as to pleading an offense under the facts of this case. We believe that *Yum* properly is limited to similar fact situations. For this reason we find the specification in the instant case to be legally sufficient.

The assigned error concerning the sentencing argument of appellant's civilian defense counsel is also without merit. Counsel's argument was a reasonable trial tactic, considering the severity of the offenses, what he had to work with, and the negotiated limitation as to confinement. Counsel's argument was not inconsistent with appellant's testimony during extenuation and mitigation.

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge FOREMAN concur.