**UNITED STATES, Appellee,**

v.

**Sahib Salahud-Din PASHA, Specialist Four, U.S. Army, Appellant.**

No. 51,571.
CM 444538.

U.S. Court of Military Appeals.

May 18, 1987.

For Appellant: *Captain William J. Kilgallin* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain Carolyn F. Washington* (on brief); *Colonel William G. Eckhardt, Major Marion E. Winter, Captain Thomas J. Feeney, Captain Jesse W. Bendahan.*

For Appellee: *Captain George R. Gillette* (argued); *Colonel James Kucera,*

*Lieutenant Colonel Adrian J. Gravelle, Major Byron J. Braun, Captain John F. Burnette* (on brief); *Colonel Norman G. Cooper* and *Captain Andrew D. Stewart.*

## OPINION OF THE COURT

COX, Judge:

Contrary to his pleas, appellant was convicted by a general court-martial composed of officer and enlisted members of absence without leave (2 specifications), larceny (3 specifications), making fraudulent checks (11 specifications), and impersonating a noncommissioned officer, in violation of Articles 86, 121, 123a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 923a, and 934, respectively. The sentence to confinement for 30 months, partial forfeitures, reduction to E-1, and a bad-conduct discharge was approved by the convening authority. The Court of Military Review affirmed in an unpublished opinion.

I

█ We granted review of three issues, the first of which we specified as follows:

DID THE INSTRUCTION OF THE MILITARY JUDGE THAT AN INFERENCE THAT THE ACCUSED WAS GUILTY OF LARCENY COULD BE DRAWN IF THE COURT FOUND BEYOND A REASONABLE DOUBT THAT THE ACCUSED WAS IN THE KNOWING, CONSCIOUS, AND *UNEXPLAINED* POSSESSION OF RECENTLY STOLEN PROPERTY SHIFT THE BURDEN OF PROOF TO THE ACCUSED TO EXPLAIN HIS POSSESSION OF THE ITEMS?

We hold that the instruction respecting unexplained possession of recently-stolen property merely created a permissive inference and did not shift the burden of proof to appellant. *See Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

Among other offenses, appellant was convicted of the larceny of numerous items from Fort McPherson, Georgia. (Additional Charge II.) The evidence established that the stolen property, except for a typewriter which he had pawned, was found in appellant's possession. Appellant had access to the property before it was stolen and was actually observed at the scene of two of the larcenies with a U-Haul truck.

The defense presented psychiatric testimony that appellant was suffering from post-traumatic stress disorder and was not mentally responsible for his conduct. Appellant testified in his own defense, claiming that he did not remember committing any of the offenses. In rebuttal, the Government's expert testified that appellant had two personality disorders, but did not lack substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

During an Article 39(a)[1] session on instructions, defense counsel requested that the military judge not give an instruction on the inference that may be drawn from possession of recently-stolen property. He pointed to the length of time between the thefts and the proof of possession, contending the Government had not established that appellant's possession of the stolen property was "recent." There was evidence of a lapse of 42 days between one of the larcenies and the time the stolen items were found in appellant's possession. The pawned typewriter was stolen between July 2 and July 12 and pawned on the 12th. The time between the thefts and proof of possession in the other larcenies was approximately 12 days.

The military judge ruled that the instruction was appropriate on at least some of the larcenies. Defense counsel then requested that the instruction be given only once. After instructing on the elements of larceny, the military judge instructed the members on the inference as follows:

Now, you are advised that if the facts of the case will establish that the property allegedly stolen was wrongfully taken

1. Uniform Code of Military Justice, 10 U.S.C. § 839(a).

from the possession of the owner or some other person who had a greater right to that possession than the accused; and secondly, that shortly thereafter, the property was discovered in the knowing and the conscious and the unexplained possession of the accused, that you may infer from that that the accused was the person who took the property. It is not necessary or required that you draw that inference. It is a permissible inference. You must decide whether to draw it or not. Let me just quickly review that. First, if the facts establish the following things, this inference may be drawn: first, that the property alleged was wrongfully taken from the possession of the owner; second, shortly thereafter, the property was discovered in the knowing, conscious and unexplained possession of the accused.

It is not required that the property actually be in the hands of the accused or on his person. Possession may be established by the fact that the property is found in a place which the accused controls. And two or more persons may be in possession of the same property, either for themselves or for others. However, mere presence in the vicinity of the property or mere knowledge of its location does not, without more, constitute possession.

The Supreme Court has held that a mandatory presumption favorable to the prosecution violates due process, while a permissive inference does not. The difference between the two is as follows:

A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.

*Francis v. Franklin,* 471 U.S. at 314, 105 S.Ct. at 1971 (footnote omitted). The challenged instruction did not tell the members that they must convict appellant of the larcenies if they found he was "in the knowing, conscious and unexplained possession of" recently-stolen property. It merely created a permissive inference, which the members were free to accept or reject. *See County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *United States v. Ford,* 23 M.J. 331 (C.M.A.1987).

The language of the instruction does not require the defense to come forward with evidence to rebut the Government's case. *Cf. State v. Cooper,* 279 S.C. 301, 306 S.E.2d 598 (1983).

> A permissive inference does not relieve the ... [Government] of its burden of persuasion because it still requires the ... [Government] to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved.

*Francis v. Franklin,* 471 U.S. at 314, 105 S.Ct. at 1971.

■ We also reject appellant's argument that instructing on the permissive inference of guilt from *unexplained* possession of recently-stolen property violates his privilege against self-incrimination. *Barnes v. United States, supra. See* Annot., 88 A.L. R.3d 1178 (1978).

Certainly, an accused cannot be compelled to testify. His possession can be explained, however, by evidence independent of his testimony.[2] The pressure on an accused to provide a reasonable explanation of his possession by testifying himself or presenting other evidence is no more onerous than in any other case where the Government introduces evidence, direct or circumstantial, making a prima facie showing of guilt. "Nor can the instruction 'be

---

2. It would have been preferable if the military judge had specifically instructed, as did the trial judge in *Barnes v. United States,* 412 U.S. 837, 840 n. 3, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), that "[p]ossession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused." However, there was no request by the defense at trial for any such clarification. *See United States v. Salley,* 9 M.J. 189, 193 (C.M.A. 1980).

fairly understood as a comment on ... [appellant's] failure to testify.' *United States v. Gainey*, 380 U.S. [63] at 70–71 [(1965)]." *Barnes v. United States*, 412 U.S. at 846 n. 12, 93 S.Ct. at 2363 n. 12. In this case, however, appellant did take the stand, claiming that he did not recall committing the larcenies. *Cf. United States v. Boultinghouse*, 11 U.S.C.M.A. 721, 29 C.M.R. 537 (1960) (error to refuse defense request to instruct on amnesia as affecting appellant's inability to explain possession of stolen property).

■ A permissive inference violates due process "only if ... there is no rational way" that the triers of fact could reach the conclusion suggested by the inference under the facts of the case. *Ulster County Court v. Allen*, 442 U.S. at 157, 99 S.Ct. at 2224. *See Francis v. Franklin*, 471 U.S. at 314–15, 105 S.Ct. at 1971–72.

Given a sufficient evidentiary basis, this Court has long sanctioned the use in a larceny trial of an instruction concerning the permissible inference to be drawn from conscious, exclusive, unexplained possession of recently-stolen property. *United States v. Weems*, 11 U.S.C.M.A. 652, 29 C.M.R. 468 (1960), and cases cited therein; *United States v. Johnson*, 3 U.S.C.M.A. 447, 13 C.M.R. 3 (1953). The inference "is in substance a circumstantial evidence rule" that has existed "since time immemorial." *Bollenbach v. United States*, 326 U.S. 607, 617, 616, 66 S.Ct. 402, 407, 406, 90 L.Ed. 350 (1946) (Black, J., dissenting). *See Wilson v. United States*, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896). *See generally* 9 Wigmore, *Evidence* § 2513 (Chadbourn rev. 1981); *Wharton's Criminal Evidence* § 79 (C. Torcia 14th ed. 1985). When it is established that the accused is in conscious, exclusive, and unexplained possession of recently-stolen property under such circumstances that innocent possession is reasonably ruled out, "[t]he inference is then permitted because its factual prerequisites ... support a logical deduction that the possession of the

stolen property could have been acquired only by the possessor's theft of that property." *Pendergrast v. United States*, 416 F.2d 776, 787 (D.C.Cir.), *cert. denied*, 395 U.S. 926, 89 S.Ct. 1782, 23 L.Ed.2d 243 (1969) (footnote omitted).

As applied to the facts of this case, the inference is entirely rational. Viewed in the light most favorable to the Government, the evidence showed that the property alleged was stolen and that it was found basically intact recently thereafter in appellant's possession.

■ Whether property is "recently" stolen depends on all the facts of the case, including the type of property and the time interval between the theft and discovery in the accused's possession. *See* Annot., 89 A.L.R.3d 1202 (1979). In *Barnes v. United States*, the trial judge's instructions provided excellent guidance on this point, to wit: [3]

\* \* \* \* \* \*

The term "recently" is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

\* \* \* \* \* \*

412 U.S. at 840 n.3, 93 S.Ct. at 2360 n. 3.

Although the stolen property here is of the type normally traded in lawful channels, it would be most unusual for such diverse items to be purchased collectively and in such quantities. For instance, three stolen microscopes and three stolen electric typewriters were found in appellant's possession. Appellant had access to the property before it was stolen and was present near the scene of the thefts. Other evidence showed that he was having severe financial problems at the time, which not only provided a motive for the thefts but

---

3. An instruction using language similar to that provided in *Barnes* should be given when the military judge believes the term "recently" needs clarification or the parties so request.

negated the likelihood that he had purchased the stolen items found in his possession.

In view of the evidentiary basis in the record, the conclusion suggested by the permissive inference was one justified by "reason and common sense." *Francis v. Franklin,* 471 U.S. at 315, 105 S.Ct. at 1971. The instructions as a whole made it clear that the inference was available in limited circumstances and was only a part of the Government's case which could be rejected by the members.[4] Thus, we conclude that the military judge did not err in instructing on the permissive inference.

## II

We also granted review to decide whether the military judge erred in failing to instruct the court members on lesser-included offenses for the thirteen specifications of making worthless checks with intent to defraud under Additional Charge III. 20 M.J. 393. Initially, the military judge instructed that dishonorable failure to maintain sufficient funds under Article 134 was a lesser-included offense of Additional Charge III, which alleged the wrongful making of checks with intent to defraud under Article 123a. After the court members raised questions regarding the check offenses, the military judge recessed the court and called an Article 39(a) session. He informed counsel that he had changed his mind. Because all of the specifications of Additional Charge III alleged that the offenses were committed only by making the check, he believed that the specifications did not sufficiently allege an Article 134 offense, which requires making and uttering the check. Both trial and defense counsel stated that they concurred with this analysis. Consequently, the military judge instructed the members that there was no lesser included offense to the speci-

fications under Article 123a. Appellant was found guilty of 11 of the 13 specifications.

■ It is well settled "that the military judge has a duty to instruct ... on all lesser-included offenses reasonably raised by the evidence." *United States v. Rodwell,* 20 M.J. 264, 265 (C.M.A.1985). Assuming that an instruction on lesser-included offenses would have been appropriate here, we hold that the issue was waived by the action of defense counsel in affirmatively indicating his satisfaction and agreement with the determination of the military judge. *United States v. Mundy,* 2 U.S.C. M.A. 500, 9 C.M.R. 130 (1953). Moreover, there was a tactical advantage to appellant in the "all or nothing" approach under the facts of this case.

## III

■ Finally, this Court granted review to decide whether Additional Charge IV states the offense of impersonation of a noncommissioned officer under Article 134. 20 M.J. 393. We agree with the Court of Military Review that the specification is legally sufficient. It alleges the following:

In that Specialist Four Sahib Salahud-Din Pasha, U.S. Army, ... did, at Fort McPherson, Georgia, during the month[s] of [May through] August 1982, wrongfully, willfully, and unlawfully impersonate a noncommissioned officer of the U.S. Army by publicly wearing the uniform and insignia of rank of a Sergeant First Class of the U.S. Army.

[The bracketed parts were excepted in the findings.]

This case is distinguishable from *United States v. Yum,* 10 M.J. 1 (C.M.A.1980), where the allegations of impersonating a "Criminal Investigation Division Agent" were found deficient in failing to allege

---

4. Under these circumstances, it was not required that the inference alone support a finding of guilty beyond a reasonable doubt. *See Ulster County Court v. Allen,* 442 U.S. 140, 166–67, 99 S.Ct. 2213, 2229–30, 60 L.Ed.2d 777 (1979). Some courts have explicitly stated that the evidence necessary to invoke the inference

with respect to unexplained possession of recently-stolen property is sufficient standing alone to support a finding of guilty beyond a reasonable doubt. *See Sutherlin v. State,* 682 S.W.2d 546, 549 (Tex.Cr.App.1984); *State v. McAllister,* 53 Ohio App.2d 176, 372 N.E.2d 1341 (Ohio App.1977); *State v. Young,* 217 So.2d 567 (Fla.1968).

both a pretense of authority and an overt act in keeping with the falsely assumed character. Here, it is alleged that appellant impersonated a noncommissioned officer, a person within the "category of persons who under the Manual provisions cannot be impersonated with impunity." *Id.* at 5 (Everett, C.J., concurring in the result). *See* App. 6c, form spec. 155, Manual for Courts-Martial, United States, 1969 (Revised edition). Further, the allegations suffice to show that appellant was playing the role of a noncommissioned officer by the overt act of publicly wearing the uniform and insignia of rank of a Sergeant First Class on Fort McPherson, a military installation. Because of the unique relationship existing between noncommissioned officers and their subordinates and superiors, the adverse impact on good order and discipline of such an impersonation on a military post is self-evident. *See United States v. Messenger*, 2 U.S.C.M.A. 21, 6 C.M.R. 21 (1952).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.