**UNITED STATES**

v.

**Airman Basic Steven E. HALL, FR 265–98–7749, United States Air Force.**

**ACM S27471.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 March 1987.

Decided 27 Oct. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before SESSOMS, MICHALSKI and LEWIS, Appellate Military Judges.

## DECISION

SESSOMS, Senior Judge:

Contrary to his pleas, the accused was convicted in a bench trial of larceny and impersonating an officer. Appellate defense counsel invited our attention to several issues raised by trial defense counsel. Those which are not mooted by this opinion we consider to be without merit.

During our initial review we specified the following issues:

### I

WAS THE LARCENY CHARGE AND SPECIFICATION PROPERLY AND LAWFULLY REFERRED TO THE SPECIAL COURT–MARTIAL?

### II

DOES THE IMPERSONATION SPECIFICATION STATE AN OFFENSE?

*United States v. Jette,* 25 M.J. 16 (C.M.A.1987), which was decided after we specified these issues, is dispositive of Issue I. Thus, we have only to resolve the question of whether the impersonation specification states an offense. This specification alleges that the appellant

> did at or near Oscoda, Michigan, ..., wrongfully and willfully impersonate a commissioned officer of the United States Air Force by stating to ... and ... that he was a Captain in the United States Air Force.

The leading case on the issue of the sufficiency of an impersonation specification in the military is *United States v. Yum,* 10 M.J. 1 (C.M.A.1980), a case in which the accused had been convicted of a specification which was, in all of its salient components, directly analogous to the one we now consider. In construing the offense charged, Judge Fletcher discussed what both sides had conceded to be a certain parallelism between the offense of "impersonation" in the military and the federal offense of "false personation", the

latter being codified at 18 U.S.C. § 912. Finding the Circuit Courts of Appeal divided on the interpretation of the federal statute, he concluded that *United States v. Rosser*, 528 F.2d 652 (D.C.Cir.1976) (an opinion which he found to effectively reconcile the opinions of the Fourth and Fifth circuits) was logically dispositive of this issue for the military. In adopting the principles enunciated in *Rosser, supra,* Judge Fletcher wrote

> ... [W]e conclude that both law and logic compel not only an allegation and a showing of the pretense of authority, but also an *allegation* and a showing of an act which "must be something more than merely an act in keeping with the falsely assumed character." (Citation omitted.) As this case presents an instance of bare false representation that the appellant was an agent of the Army Criminal Investigation Division, nothing more, we conclude that this specification is deficient. *Emphasis added.*

*Yum, supra,* at 4.

Chief Judge Everett, in his concurring opinion said that "[w]hile criminal liability does not hinge on the impersonator's receiving any benefit from his impersonation, he must to some extent have played the role of the person impersonated. The *allegations* in the specification here do not suffice for that purpose." *Yum, supra,* at 5. *Emphasis added.*

In *United States v. Cagle*, 12 M.J. 736 (A.F.C.M.R.1981), appellant argued that the actions of the accused amounted to nothing more than "mere bravado" and that the specification was therefore deficient. In refusing to accept that argument this court found that the specification alleged "something more than a 'bare false representation;' it contains an assertion that the accused used an OSI business card to further his false impersonation."

In the specification *sub judice* there is no such assertion and, therefore, we are compelled to follow the holding in *Yum, supra.*

Hence, the Additional Charge and its specification are dismissed.

In view of our modification of the findings we have reassessed the sentence and have found it to be nevertheless appropriate. We are convinced that the sentence is no greater than that which would have been imposed had the accused not been found guilty of the impersonation offense. We have examined the record of trial, the assignment of errors, the government's reply thereto, and we have concluded that the findings, as modified, and the sentence are correct in law and fact, and that no other error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

LEWIS, Judge (concurring):

Dismissal of the impersonation specification and charge does not represent a palatable result. The appellant stated that he was an officer; namely, a captain and a pilot, to his prospective landlord and, subsequently, to his landlord's stepson. He briefly commented to his prospective landlord concerning his flying exploits. Additionally, he suggested in a casual conversation with the stepson that he consider pursuing a college education through the ROTC program while in the course of describing his own, fictitious college background. These statements were made to residents of a community immediately adjacent to the installation. The circumstances suggest that the appellant might well have anticipated that he would benefit, insofar as the lease arrangement was concerned, from being accepted as an officer. In other words, the appellant's representations might have made a difference to the parties with whom he was dealing.[*]

Nevertheless, I concur in Senior Judge Sessoms' analysis of *Yum* as being dispositive of this case. I recognize that *Yum* addresses pleading and not proof. Clearly, the specification in this case was faulty

---

[*] The record is not entirely clear in this regard. The government, wisely, did not attempt to pursue impersonation with intent to defraud.

when viewed against the *Yum* standard. I believe, however, that *Yum* leaves us with a practical problem in a case such as this wherein the appellant's statements were embellished to an extent so as to provide some degree of apparent validity to his representation that he was an officer. It is always gratifying if we can accompany an opinion such as is rendered today with articulable guidance as to what the missing ingredient was. This case frustrates me inasmuch as I would be uncertain how to integrate the context of the appellant's statements into a specification if I were the staff judge advocate. Under the current state of the law, which I assume *Yum* continues to represent, mere false statements of one's status are not sufficient to make out the offense of impersonation of an officer. The specification, and subsequently the proof, must demonstrate that the appellant committed one or more acts which exercised or asserted the authority of the office he claimed to have. M.C.M., Pt. IV, paragraph 86b, note 2 (1984). I am not certain that burden could have been satisfied by the government in this case, or,

if so, how it could have been satisfied. Neither *Yum* nor subsequent impersonation cases of which I am aware instruct us whether verbal embellishment of false representations might be construed as a sufficient assertion of authority of the office claimed to constitute impersonation. *But cf. United States v. Reece*, 12 M.J. 770 (A.C.M.R.1981), for a discussion of an analogous situation in a totally military environment.

MICHALSKI, Judge (concurring):

I am constrained to agree with Senior Judge Sessoms that *Yum* compels us to dismiss the impersonation specification, notwithstanding the factual context of appellant's statements.