UNITED STATES, Appellee

v.

Daniel S. CZEKALA, Major
U.S. Army, Appellant.

No. 94–0030.
CMR No. 9102675.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 15, 1995.

Decided June 12, 1995.

Certiorari Denied Oct. 30, 1995.

See 116 S.Ct. 403.

For Appellant: *Captain Blair Jacobs* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker,* and *Major Roy H. Hewitt* (on brief); *Major Robin L. Hall* and *Captain Thomas D. Wight.*

For Appellee: *Captain John G. Giovannelli* (argued); *Colonel John M. Smith* and *Captain Michael E. Mulligan* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

1. Major Czekala was convicted of numerous offenses including conspiracy to violate a general regulation and violation of a general regulation (2 specifications)—all regarding parental kidnapping of his 2 chil-

dren; perjury (3 specifications); filing a false travel claim; conduct unbecoming an officer (3 specifications)—involving having an affair, wrongfully procuring a divorce, and dishonorable failure to pay a credit-card debt; and obstruction of justice, in violation of Articles 81, 92, 131, 132, 133, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 892, 931, 932, 933, and 934, respectively. The convening authority approved the adjudged sentence of a dismissal, 1 year's confinement, and total forfeitures. The Court of Military Review [1] affirmed the findings and sentence. 38 MJ 566 (1993). We granted review on the following issues:

## I

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE COURT–MARTIAL PANEL THAT THEY COULD FIND MAJOR CZEKALA GUILTY BEYOND A REASONABLE DOUBT WITHOUT EXCLUDING EVERY FAIR AND RATIONAL HYPOTHESIS OR THEORY OF INNOCENCE.

## II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY FINDING THAT THE MILITARY JUDGE ERRED IN HIS "REASONABLE DOUBT" INSTRUCTION AND THEN FINDING THAT THE ERROR WAS HARMLESS BEYOND A REASONABLE DOUBT IN DIRECT CONTRAVENTION OF *Sullivan v. Louisiana,* — U.S. —, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

2. We hold that part of the judge's instructions read in their entirety was not erroneous and the erroneous part when read in context was not plain error. Thus we need not answer Issue II.

---

1. *See* 41 MJ 213, 229 n. * (1994).

2. The court below did not seek to determine if the "not" was a typographical error by asking for a certificate of correction under RCM 1104(d)(2),

## FACTS

3. The judge instructed the members as follows:

You are further advised: first, that the accused is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt; second, if there is a reasonable doubt as to his guilt, that doubt must be resolved in favor of the accused and he must be acquitted; third, if there is a reasonable doubt as to the degree of guilty [sic], that doubt must be resolved in favor of the lowest degree of guilt as to which there is no reasonable doubt; and, lastly, the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the Government. The burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of each and every offense alleged.

Now, a reasonable doubt is what the words imply. It is a doubt founded in reason arising from the evidence or the lack of it after consideration of all the evidence. Now a reasonable doubt is not a [i] *flimsy,* fanciful, imaginative, or [ii] *fictitious doubt,* since such doubts can be raised about anything and everything in the human experience. Rarely, if ever, can anything be proved to an absolute mathematical certainty, and such a burden is not required of the Government here. Rather, a reasonable doubt is a doubt which would cause a reasonably prudent person to hesitate to act in [iii] *the more important* and weighty of his own personal affairs.

Now, in considering the evidence in this case, before you may vote for a finding of guilty, you must be convinced to a moral certainty of the accused's guilt; and you must be satisfied that the evidence is such as to exclude [iv] [2] *not* every fair and rational hypothesis or theory of innocence. Now, if you are not so convinced and satis-

---

Manual for Courts–Martial, United States, 1984. In fact the tape recording of the instructions used to prepare the record were destroyed. *See* 38 MJ 566, 578 n. 5.

fied, then it is your duty to find the accused not guilty.

Now, the rule as to reasonable doubt extends to every element of the offenses, although each particular fact advanced by the prosecution which does not constitute an element need not be established beyond a reasonable doubt. However, if, on the whole evidence, the court is satisfied beyond a reasonable doubt of the truth of each and every element, then the court should find the accused guilty.

(Emphasis added.)

## DISCUSSION

■ 4. The Due Process Clause of the Fifth Amendment to the Constitution requires the Government to prove a defendant's guilt beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970). But "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Victor v. Nebraska,* —— U.S. ——, ——, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994). Prior to *Winship,* since the Act of 1950 (Pub.L. No. 506, ch. 169, § 1, 64 Stat. 124), Article 51, UCMJ, 10 USC § 851, has required the Government to prove its case beyond a reasonable doubt.

5. Throughout appellant's trial the importance of the reasonable-doubt standard was impressed upon the panel because it was mentioned by the judge more than 30 times. R. 628, 1387–88, 2291–92, 2296–97, 2299, 2301–05, 2312–14, 2316–17, 2319–20, 2321–23, 2325–26. Additionally, there is no indication that the mention of reasonable doubt was confusing, as the defense at no time objected or asked for clarification. R. 2332.

■ 6. We hold that [i], [ii], and [iii], numbered in the judge's instructions set out above, did not change the burden of proof. The judge instructed at [i] that a reasonable doubt is not "flimsy, fanciful, imaginative," or at [ii] a "fictitious doubt." Webster's Ninth New Collegiate Dictionary (1991) defines "flimsy" as "having little worth or plausibility." *Id.* at 473. Webster defines "fictitious" as "relating to, or characteristic of fiction:

IMAGINARY" and "not genuinely felt." *Id.* at 460. The language in *Victor* would seem to support these instructions. The Court recognized that "[a] fanciful doubt is not a reasonable doubt." —— U.S. at ——, 114 S.Ct. at 1248. As to fictitious, the Court also noted that an "imaginary doubt" is not a reasonable doubt. *Id.* at ——, 114 S.Ct. at 1249. As to [iii], while the instruction given has been approved by the Supreme Court, *id.* at ——, 114 S.Ct. at 1250, the hesitation-to-act-in-important-personal-affairs formula probably is not helpful. At best it is ambiguous. If a member reaches a point of hesitation on which way to vote, the instruction does not answer his or her question and probably should not be given. In any event, the instructions read in context would not change the Government's burden.

7. This case is not unlike *Victor.* See also *United States v. Hanley,* 974 F.2d 14, 17–19 (4th Cir.1992). In *Victor* the Court held that "the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard." —— U.S. at ——, 114 S.Ct. at 1250, *quoting Cage v. Louisiana,* 498 U.S. 39, 41, 111 S.Ct. 328, 329, 112 L.Ed.2d 339 (1990). But the Court concluded that the instructions viewed as a whole were such that the members could not have construed the instructions "to indicate" that their "doubt must be anything other than a reasonable one." —— U.S. at ——, 114 S.Ct. at 1250.

8. The troubling instruction in this case is [iv]. Instruction [iv], concerning "*not* every fair and rational hypothesis," (emphasis added) makes no sense by itself. In fact, this instruction is erroneous and reverses the burdens.

■ 9. There were no objections to the instructions; thus, absent plain error, we hold there was a waiver. To establish plain error appellant must demonstrate: that there was "error"; that such error was "plain, clear, or obvious"; and that the error "affect[ed]" appellant's "substantial rights." *United States v. Olano,* —— U.S. ——, —— – ——, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). Appellant has not carried his

"burden of persuasion with respect to prejudice." *Id.* at ——, 113 S.Ct. at 1778.

10. When read in context, the instructions as a whole emphasize the presumption of innocence and the burden on the Government to prove appellant's guilt beyond a reasonable doubt. *United States v. Hanley, supra; United States v. O'Brien,* 972 F.2d 12, 16 (1st Cir.1992).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX and GIERKE concur.

WISS, Judge (concurring in part and in the result):

11. I concur in the majority opinion except that portion which treats the military judge's incorrect instruction that, to convict appellant, they "must be satisfied that the evidence is such as to exclude *not* every fair and rational hypothesis or theory of innocence." (Emphasis added.) Noting that there was no objection to this instruction, the majority invokes waiver in the absence of plain error. I do not join in this analysis.

12. The court below faced the same dilemma: Finding that the insertion of "not" was incorrect, it proceeded to consider the repercussion of appellant's failure to object to the instruction. 38 MJ 566, 577 (1993). The court noted that, in *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), the Supreme Court held that an erroneous reasonable-doubt instruction was not subject to the harmless-error test of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Nonetheless, based on the following rationale, the court concluded that *Sullivan* was not applicable in this case:

> In analyzing the issue, the Court found that the reasonable doubt instruction is based on two interrelated constitutional rights found in the Fifth and Sixth Amendments. Insofar as the reasonable doubt instruction is a requirement of the Fifth Amendment, errors are subject to a *Chapman* harmless error analysis. The Court found, however, that the reasonable doubt instruction is also based on the Sixth

> Amendment right to a jury trial, violations of which are not subject to a harmless error analysis. Because of the Sixth Amendment implications, the Court concluded that errors involving the right to a jury trial require reversal. We note one important distinction between the civilian criminal proceeding in *Sullivan* and the court-martial proceeding before us. "[C]ourts-martial have never been considered subject to the jury-trial demands of the Constitution." *United States v. McClain,* 22 MJ 124, 128 (CMA 1986). Consequently, we conclude that an error in the reasonable doubt instruction is subject to the harmless error analysis.

38 MJ at 577 (footnote omitted).

13. The Court of Military Review certainly was correct, as far as it went. The following excerpt from the *Government's* brief in this Court, however, reflects an analysis that suggests that the court may not have been appropriately sensitive to the complexity of that issue:

> If the reasonable doubt instruction in question is constitutionally defective, i.e., there was a "reasonable likelihood" that the jury applied the challenged instruction in an unconstitutional manner, then the instruction is not susceptible to harmless error review. *Sullivan v. Louisiana,* [—— U.S. ——, ——–——] 113 S.Ct. 2078, 2081–82 [124 L.Ed.2d 182] (1993). In *Sullivan,* the Supreme Court held that a constitutionally defective "reasonable doubt" instruction constitutes a "structural defect[ ] in the constitution of the trial mechanism." *Id.* [at ——, 113 S.Ct.] at 2082. In *Arizona v. Fulminante,* [499 U.S. 279,] 111 S.Ct. 1246 [113 L.Ed.2d 302] (1991), it held that a criminal trial marred by a "structural defect ... 'cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment [resulting from such a trial] may be regarded as fundamentally fair.'" [499 U.S. at 310,] *Id.* [111 S.Ct.] at 1265 (quoting *Rose v. Clark,* 478 U.S. 570, 577–78 [106 S.Ct. 3101, 3106, 92 L.Ed.2d 460] (1986)) (emphasis added) [sic]. Thus, regardless of an objection or not, a consti-

tutionally deficient reasonable doubt instruction falls in the category of forfeited errors, whose prejudice may be presumed. *See United States v. Olano,* [—— U.S. ——, ——] 113 S.Ct. 1770, 1778 [123 L.Ed.2d 508] (1993); *Sullivan,* [—— U.S. at —— - ——] 113 S.Ct. at 2081–82.

Answer to Final Brief at 6. In any event, I do not need to resolve this question today,* since I agree fully with the Government's assessment that, "[b]ecause the instructions, as a whole, are not constitutionally defective, addressing whether the 'harmless error' analysis applies to the military becomes moot." *Id.* at 6–7.

14. "[A] single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Boyde v. California,* 494 U.S. 370, 378, 110 S.Ct. 1190, 1196, 108 L.Ed.2d 316 (1990), *quoting Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). When the instructions quoted in the majority opinion are viewed as a whole, so that the misstatement may be seen in its full context, I am satisfied that there is no "reasonable likelihood" that the members applied the challenged aspect of the instruction in an unconstitutional manner. *See Victor v. Nebraska,* —— U.S. ——, ——, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994).

15. The language both before and following the particular words in issue offer, in context, a correct view of reasonable doubt;

indeed, the surrounding sentences would make no sense if "not" were given its usual meaning. Further, the full instruction provided numerous alternative definitions of reasonable doubt that either are unchallenged or are correctly sustained by the majority today. In these ways, the language surrounding the problematic word served to clarify and sanitize the erroneous "not." *See Victor v. Nebraska,* —— U.S. at ——, 114 S.Ct. at 1250.

16. Moreover, of particular importance in this case is that the *precise aspect* of reasonable doubt that is the focus of the criticized instruction was not especially important under the facts of this court-martial. The other alternative definitions of reasonable doubt to which I just referred all strive to offer synonyms that directly relate to *weight of the evidence,* and as I just mentioned, I am satisfied that notion was correctly conveyed to the members.

17. The challenged part of the instruction is a bit different, however. Rather than simply offering yet another characterization of *weight* that is contemplated by the phrase "reasonable doubt," that instruction instead tells the jury how to view that phrase in the context of their considering how the evidence might offer possible *options* to the prosecution's hypothesis of guilt—that is, how the same evidence might offer possible hypotheses that would be consistent with innocence,

---

* As noted earlier, the majority *sub silentio* follows the same path as trod by the Court of Military Review, when it says, "There were no objections to the instructions; thus, absent plain error, we hold there was a waiver." ¶ 8. One of the cases cited by the majority is *United States v. Hanley,* 974 F.2d 14 (4th Cir.1992). There, the court faced an instruction in which the trial court had told the jury: "On the other hand, if a reasonable doubt exists in your mind concerning the guilt of the defendant as to one or more of the counts, then it will be your duty to find the defendant guilty as to such count or counts." *Id.* at 17–18. Of course, the word "not" should have preceded "guilty" to be correct—a rather fundamental omission. Without even acknowledging *Sullivan v. Louisiana,* —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), much less analyzing it in the context of that case, the court simply proceeded, "Since no objection was made, we review for plain error." 974 F.2d at 18.

In a *per curiam* opinion in *United States v. Robinson,* 38 MJ 30 (CMA 1993), this Court, too, applied a plain-error analysis to an arguably defective reasonable-doubt instruction without citation to or analysis of *Sullivan v. Louisiana, supra.* Quite possibly, this Court was not forthrightly asked by the parties there to consider *Sullivan* and its potential bar to our plain-error treatment.

Not so in this case. The second granted issue, which is fully set out in the majority opinion (¶ 1), squarely asks this Court whether the Court of Military Review's testing for harmless error contravenes *Sullivan v. Louisiana, supra.* Notwithstanding, that case is nowhere cited or discussed by the majority thereafter in its opinion. While I conclude that the Court does not need to answer that question to resolve this appeal, the majority implicitly answers it without squarely coming to grips with the issue. I cannot agree with that approach.

as well as with the Government's hypothesis of guilt.

18. In a case in which the defense were to offer a view of the facts that presented a clear alternative to the Government's theory of guilt, it might be problematic whether a misstatement like the military judge made here could be minimized simply by pointing to the other definitions of weight. That is not the state of this record, however.

19. That being the case, and in light of the considerations mentioned earlier, I believe that there is not "a reasonable likelihood that the jury understood the instructions to allow conviction based on a proof insufficient to meet the [reasonable doubt] standard." *Victor v. Nebraska,* —— U.S. at ——, 114 S.Ct. at 1243; *accord Sullivan v. Louisiana,* —— U.S. at —— – ——, 113 S.Ct. at 2081–82. In other words, while insertion of "not" most clearly was incorrect, in this case it did not impregnate the "reasonable doubt" instruction with constitutional error. On this basis, I concur with the majority in affirming the decision below.