UNITED STATES, Appellee,

v.

Shaun M. SMITH, Specialist,
U.S. Army, Appellant.

No. 98–0775.
Crim.App. No. 9600300.

U.S. Court of Appeals for
the Armed Forces.

Argued March 2, 1999.

Decided June 29, 1999.

Effron, J., filed opinion concurring in part and in the result, in which Sullivan, J., joined.

Gierke, J., filed dissenting opinion.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN (except for Parts B2 and C) and EFFRON (except for Parts B2 and C), joined. EFFRON, J., filed an opinion concurring in part and in the result, in which SULLIVAN, J., joined. GIERKE, J., filed a dissenting opinion.

For Appellant: *Captain Jodi E. Terwilliger–Stacey* (argued); *Colonel John T. Phelps, II, Lieutenant Colonel Adele H. Odegard,* and *Captain Kirsten V. Campbell–Brunson* (on brief).

For Appellee: *Captain Marcella Edwards Burden* (argued); *Colonel Russell S. Estey* and *Lieutenant Colonel Eugene R. Milhizer* (on brief); *Major Lyle D. Jentzer.*

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of committing indecent acts upon his 7–year–old stepdaughter, H., in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Contrary to his pleas, appellant was convicted by a panel of officer and enlisted members of raping and attempting sodomy with H, in violation of Articles 120 and 80, UCMJ, 10 USC §§ 920 and 880, respectively. He was sentenced to a dishonorable discharge, 10 years' confinement, and reduction to the lowest enlisted grade. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed the findings and sentence in a memorandum opinion on May 13, 1998.

We granted review on the following issues, neither of which was raised at the court below:

I. WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR BY NOT GIVING PANEL INSTRUCTIONS ON CERTAIN LESSER–INCLUDED OFFENSES OF RAPE AND SODOMY.

II. WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION WHEN SHE GAVE AN IMPROPER INSTRUCTION REGARDING THE USE OF APPELLANT'S PLEA OF GUILTY TO INDECENT ACTS WHEN ADJUDGING APPELLANT'S GUILT OR INNOCENCE AS TO RAPE AND SODOMY.

For the reasons set out below, we affirm.

A. FACTS

When H first alleged that appellant had been sexually abusing her, he denied it completely. However, when confronted by the Criminal Investigation Command (CID) with overwhelming medical evidence supporting H's claims, appellant broke down and admitted to one incident of touching H between her legs while he masturbated. He denied that he did anything improper to H beyond that one incident.

After further interrogation, appellant admitted to a second incident in which he penetrated H's vagina with his little finger. He then denied any improper acts beyond those two. After still more questioning, appellant admitted to a third incident in which he penetrated H's vagina with his little finger and rubbed her clitoris with his thumb while he masturbated, and then placed "the tip of

[his] penis against her vagina" and ejaculated onto her vagina. He continued vigorously to deny that he raped his stepdaughter or committed oral or anal sodomy upon her, as she had alleged. Appellant's sworn statement was admitted into evidence at his court-martial.

Appellant was interviewed again by CID at a psychiatric hospital 2 days later. At this interview, while still maintaining that only those three incidents occurred, he added detail to the acts which they encompassed. For instance, he also admitted to penetrating digitally H's anus during the second incident.

H testified at the court-martial that appellant put his "private" into both her front and back "privates." She also testified that she felt her stepfather's "pee," meaning his ejaculate, on her "front private." H demonstrated an awareness and comprehension of the difference between "on" and "in." In addition, pictures that she had drawn when she disclosed the abuse, including one of appellant's penis, were published to the members.

Furthermore, the Government presented testimony from the two doctors who examined H the day she made her allegations. They explained photographs from H's examination showing a completely obliterated hymenal tissue, a vaginal opening roughly twice the size of a normal 7–year–old's, and a textbook case of "chronic sexual abuse." Dr. Lockrow, the gynecologist who examined H, stated that the medical evidence was inconsistent with only two instances of digital penetration.

Dr. Sobrin, the pediatrician who examined H, testified as to the narrative H provided him of the abuse. For instance, he indicated that H said she tried to move away when appellant was penetrating her vaginally because it hurt, but that appellant pulled her back. Dr. Sobrin also testified that H said appellant put "his mouth . . . in her private area." Mrs. Yolanda Briones, the counselor to whom H first revealed the abuse, and Mr. Michael Mantz, H's counselor at the time of the court-martial, also testified as to the abuse which H disclosed to them.

After litigating a defense motion to preclude testimony of H's statements to Dr. Sobrin, Mrs. Briones, Mr. Mantz, and others, appellant pleaded guilty to the indecent-acts charge, Charge III. During the providence inquiry, the military judge ascertained that appellant needed to make his plea by exceptions and substitutions because, contrary to the language of the specification, he was admitting to penetrating her vagina and anus with his fingers, and to placing his penis upon her vulva.[1] At the military judge's request, defense counsel made the appropriate amendments and his guilty plea was accepted.

Also during the providence inquiry, appellant gave 1 exact and 2 rough dates for the 3 incidents which he admitted—late June, mid-July, and August 18, 1995. However, defense counsel did not make any exceptions or substitutions as to the dates in Charge III, leaving it to allege that the indecent acts occurred "from on or about June 1995 to on or about August 1995." The trial counsel chose to go forward on the charge with the exceptions and substitutions submitted by defense counsel.

Prior to opening statements, the military judge and counsel put on the record the contents of an RCM 802[2] conference at which the issue of instructions on the elements of indecent acts in light of appellant's guilty plea was discussed. The military judge summarized that portion of the conference as follows:

> The issue came up about whether the—the prosecution asked if the panel members would be informed of the elements because we were discussing the difficulty, when you have a guilty plea without a stipulation of fact, in how to get evidence about that before the panel; and I indicated that, in my instructions, I will tell them—give them the elements of the offenses to which the accused has pled not guilty; I will also

---

1. The specification alleged that appellant placed his fingers into and his penis upon H's vagina and anus.

2. Manual for Courts–Martial, United States (1995 ed.).

tell the elements of the offense of indecent assault [sic] and that the accused's plea establishes those elements; then the parties may use those elements as they see fit to establish whatever other elements or lack thereof, with regard to the two offenses to which he has pled not guilty. I do instruct them that this plea is not evidence—it cannot be considered as evidence—his plea of guilty to indecent acts can't be considered as evidence directly of his guilt of rape or sodomy. But, to the extent that they have elements in common or to the extent that an intent element in indecent acts might be used to establish the motive for the other two offenses, then it may be used.

Defense counsel did not object to this summary; nor did he ask to add anything to it. In fact, he closed out the summary of the RCM 802 conference by saying, "I think that is everything."

At an Article 39(a)[3] session just prior to instructing the members and making closing arguments, the military judge and counsel further discussed what instructions would be given. The military judge indicated that she would give an instruction "on Charge III and how it relates—the accused's guilty plea and how it relates to Charge I and II." She also indicated that the lesser-included offense she saw raised by the evidence and in the pleading for the rape charge was carnal knowledge, and for the sodomy charge, attempted sodomy. The military judge named no other lesser-included offenses, and defense counsel did not request any. Defense counsel was an active participant in the discussion and made no response to the judge's comment that, unless either party wanted any other instructions, the court would be in recess until they were ready for the members. Two minutes later, the military judge reconvened the Article 39(a) session for the following colloquy:

MJ: Folks, one thing I didn't cover when we were going over our 39(a) session on instructions was, ordinarily indecent acts would be a lesser-included offense of both rape and sodomy. Because of the accused's guilty plea, entering findings there-

on and since the accused's guilty plea covers the time frame, I am not going to instruct on indecent acts as a lesser-included offense with regard to either of those two offenses because I would have to rule that such a finding would be multiplicious with the finding as to Charge III. You all understand that? Anybody have any quarrel with that?

TC: Nothing from the Government.

DC: When you instruct on the indecent acts, ma'am, are you going to tell them that it's a lesser-included offense of the other two charges?

MJ: I wasn't going to use those terms.

DC: But basically. I mean, I guess—I'm not asking you to use those terms specifically.

MJ: I'll tell you what, you'll have to hear the instructions and then if you wish any clarification, ask me to clarify at that time. I think it becomes clear as I instruct that—

DC: Because you were going to talk about the elements.

MJ: I'm going to talk—let me just tell you what I'm going to say. Hold one [sic], just takes me a minute to get down to it here. My instruction is along these lines. As I earlier instructed you, the accused entered a plea of guilty to Charge III and its specification. I inquired into the providence of the accused's plea and accepted it. And you will, therefore, not be required to enter findings thereon. Also, as I earlier instructed you, the accused's plea of guilty to Charge III is no evidence of his guilt of Charge I or II. However, to the extent that the accused's plea of guilty to Charge III admits an element of that offense which also establishes an element of Charge I or II directly or by implication, you may consider his plea for that purpose. Let me advise you of the elements of Charge III which were admitted by the accused's plea and then explain this further. I go through the elements as I went through them in the providence inquiry and then I say, the accused's plea of guilty was a judicial confession which admitted

**3.** Uniform Code of Military Justice, 10 USC § 839(a).

each of these elements. To the extent that an element of this offense is also an element of Charge I or Charge II, the accused's plea of guilty establishes that element without the necessity of further proof. To the extent that the accused's plea admits an element of Charge III which is circumstantial evidence of some fact at issue and one of the other offenses, you may consider that. You may not, however, infer that because the accused is guilty of Charge III, he must, therefore, be guilty of one or both of the other charges. Think that covers generally what—

DC: That's not exactly what I wanted, but it's close.

MJ: Close enough? Okay. I don't want to confuse them. I don't want to get in to telling them that ordinarily [sic]—under ordinary circumstances it would be a lesser-included offense of these other two, but it isn't here, because he could be guilty of all three things. And ordinarily a lesser-included offense it's either or; it's not—

DC: Yes ma'am, I agree.

The instructions, as given to the members, were in substantial conformity with these Article 39(a) discussions, and defense counsel made no objections or requests for clarification.

## B. DISCUSSION

 The military judge "has substantial discretionary power in deciding on the instructions to give." *United States v. Damatta–Olivera,* 37 MJ 474, 478 (CMA 1993), *cert. denied,* 512 U.S. 1244, 114 S.Ct. 2760, 129 L.Ed.2d 875 (1994), citing *United States v. Smith,* 34 MJ 200 (CMA 1992); RCM 920(c), Discussion, Manual, *supra.* Where an instruction is not requested by a party, the military judge may have a *sua sponte* duty to give it if the issue is reasonably raised by some evidence. *See United States v. Barnes,* 39 MJ 230, 232 (CMA 1994) (affirmative-defense instruction). "It is not necessary that the evidence which raises an issue be compelling or convincing beyond a reasonable doubt.... Instead, the instructional duty arises whenever 'some evidence' is presented to which the fact finders might 'attach

credit if they so desire." *United States v. Jackson,* 12 MJ 163, 166–67 (CMA 1981) (citations omitted). Furthermore, any doubts as to whether the evidence raises the issue should be resolved in favor of the accused. *United States v. Steinruck,* 11 MJ 322, 324 (CMA 1981).

 This Court reviews a military judge's decision to give an instruction, as well as the substance of an instruction, *de novo. United States v. Maxwell,* 45 MJ 406, 424–25 (1996). Specifically, with regard to "the military judge's determination that a lesser offense is, or is not, in issue," this Court has stated that "an appellate tribunal must independently evaluate the evidence to determine whether or not an accused has been deprived of his right to have a court-martial consider all reasonable alternatives of guilt." *United States v. Clark,* 22 USCMA 576, 580, 48 CMR 83, 87 (1973).

The Rules for Courts–Martial require certain instructions on findings, including "[a] description of the elements of each lesser included offense in issue." RCM 920(e)(2). Our case law indicates that this requirement is well-established. *See Clark, supra* at 577, 48 CMR at 84 ("[T]his Court has consistently followed the rule that the military judge is required to instruct, *sua sponte,* on any and all lesser included offenses for which there is in the record some evidence reasonably placing these offenses in issue.").

### 1. Waiver

 RCM 920(f) provides: "Failure to object to an instruction or to omission of an instruction before the members close to deliberate constitutes waiver of the objection in the absence of plain error." This rule represents a determination by the President that an attorney may make tactical decisions at trial which, though they may have turned out to be unsuccessful, should not be second-guessed in appellate review. *Cf. United States v. Scheffer,* 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998).

 This Court has determined that waiver must be established "by *affirmative* action of the accused's counsel," and not by "a mere

failure to object to erroneous instructions or to request proper instructions." *United States v. Mundy*, 2 USCMA 500, 502, 9 CMR 130, 132, 1953 WL 2619 (1953); *see United States v. Strachan*, 35 MJ 362, 364 (CMA 1992) ("An affirmative waiver is not the same as a passive failure to request an instruction or object to its omission."). However, this bar should not be interpreted as being so low as to make the plain-error analysis called for in RCM 920 a redundancy. In fact, the language of the Rule itself does not anticipate an explicit statement by a trial attorney, but merely the lack of an objection. *See* RCM 920(f).

■ An attorney has a duty to be a zealous advocate for his client. No magic words are required to establish a waiver. Statements such as those made here are more than sufficient to show that defense counsel made a purposeful decision to agree to the military judge's proposed instructions.

In *United States v. Pasha*, 24 MJ 87, 91 (CMA 1987), we held as follows: "Assuming that an instruction on lesser-included offenses would have been appropriate here, we hold that the issue was waived by the action of defense counsel in affirmatively indicating his satisfaction and agreement with the determination of the military judge." In the case at bar, it is questionable whether indecent acts, or any lesser-included offenses other than attempted sodomy and carnal knowledge, were reasonably raised by the evidence. However, assuming without deciding that they were improperly left out of the instructions, defense counsel stated his waiver at least twice during the Article 39(a) session just prior to the military judge instructing the members. ("That's not exactly what I wanted, but it's close.... Yes, ma'am, I agree."). In addition, his failure to raise objections several times during that same Article 39(a) session and again at the close of the instructions given lends further support to our determination that defense counsel made a conscious choice.

Likewise, with regard to the instructions given by the military judge on the use of appellant's guilty plea for considering the contested charges, it is questionable whether the instruction was actually improper; however, even assuming it to be so, defense counsel waived the issue. Defense counsel indicated that he wanted to have the elements of indecent acts included in the instructions, and that his strategy required that the members know precisely what elements were admitted in appellant's guilty plea. Also, during the Article 39(a) session just prior to the members being instructed, defense counsel stated that the military judge's proposed instruction was "close" to what he wanted and agreed that giving an instruction that indecent acts would ordinarily be a lesser-included offense of both rape and sodomy would be confusing. Furthermore, several times during that Article 39(a) session, the RCM 802 conference summary just prior to opening statements, and again at the close of the instructions, defense counsel failed to make objections or raise the issue. Where opportunities are so plentiful, silence speaks volumes.

### 2. Plain Error

■ The waiver rule only applies absent plain error. RCM 920(f); *United States v. Czekala*, 42 MJ 168, 170, *cert. denied*, 516 U.S. 954, 116 S.Ct. 403, 133 L.Ed.2d 322 (1995); *Strachan*, 35 MJ at 364. To establish plain error, appellant must demonstrate that there was error, that the error was obvious and substantial, and that the error materially prejudiced his substantial rights. *See United States v. Powell*, 49 MJ 460 (1998). Appellant has demonstrated no clear, obvious errors by which he was prejudiced. Furthermore, the record shows that the evidence against appellant's trial theory was overwhelming, such that, even if there was any error, it could not have affected his rights. *Cf. Hopkins v. Reeves*, 524 U.S. 88, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998) (no constitutional right to have instruction on lesser-included offenses where those lesser offenses are not recognized under state law).

Following the providence inquiry, defense counsel requested that appellant's guilty plea be announced to the members:

MJ: ... it's because it's a plea by exceptions and substitutions, I don't see any other way around getting that in front of

the members—advising the members that you entered a plea. And I assume that is your trial strategy, Major Adams.

DC: Yes, ma'am, it is.

MJ: So, you don't have any objection to informing the members of the accused's plea.

DC: No, I request it, ma'am.

As further articulated in his opening statement, defense counsel's strategy was that: 1) appellant had pleaded guilty to the only wrongful acts he had committed; 2) H's allegations of anything other than those acts were the product of the suggestibility of young children under leading questions from investigators and counselors; and 3) because many people incorrectly describe the female genitalia as the vagina, though that truly only refers to an internal part of it, the Government's case generated much confusion about what part of H was actually touched by appellant's penis. Overall, the defense utilized the sort of "all or nothing" tactical approach which this Court has previously acknowledged. *See Pasha,* 24 MJ at 91, and cases cited in *Strachan,* 35 MJ at 365 (Gierke, J., dissenting).

The Government proceeded on the theory that the three incidents which appellant admitted were only the tip of the iceberg. The way that the charges were drafted and the evidence was presented indicates that the rape and sodomy were separate incidents from the indecent acts to which appellant pleaded guilty. In fact, the rape and sodomy were charged as occurring between August 22 and 25, 1995; whereas the indecent acts were charged as occurring between June and August 1995. During the providence inquiry and in his sworn statement to CID, appellant staked out his position, making it clear that the indecent acts occurred in late June, mid-July, and on August 18.

When the members found him guilty of rape and attempted sodomy, they had to have believed that, in addition to the three indecent acts, appellant also raped and attempted to sodomize H. The members, thus, rejected appellant's strategy that no more than those 3 incidents occurred and that the alleged August 22 incident was merely a result of H's suggestibility. Despite the military judge's apparent concern about multiplicity, because of the dates charged and the admissions of appellant, the incidents to which appellant pleaded guilty were not the same incidents which he contested.

## C. CONCLUSION

Under the circumstances of this case, we find that defense counsel waived any objection to these instructions and that there was no plain error in the military judge failing to instruct on indecent acts or any other lesser-included offenses and in the instruction given regarding the use of appellant's guilty plea.

The decision of the United States Army Court of Criminal Appeals is affirmed.

EFFRON, Judge, with whom SULLIVAN, Judge, joins (concurring in part and in the result):

I agree with the majority that there was an affirmative waiver of the instruction. I do not join that portion of the majority opinion suggesting a plain error analysis would be appropriate to address the military judge's *sua sponte* duty to instruct under the circumstances of this case.

GIERKE, Judge (dissenting):

I disagree with the majority's reliance on waiver. This Court has interpreted the waiver provisions of RCM 920(f) as applying only to the instructions mentioned in RCM 920(e)(7), but not to "required instructions." *United States v. Taylor,* 26 MJ 127, 128 (CMA 1988). An instruction on lesser-included offenses is one of the "required instructions" when raised by the evidence. RCM 920(e)(2). We have permitted defense counsel to affirmatively waive an instruction on lesser-included offenses to present an "all or nothing" defense, but only in those rare cases of "an affirmative, calculated, and designed course of action by a defense counsel." *See United States v. Moore,* 12 USCMA 696, 700, 31 CMR 282, 286 (1962); *see also United States v. Pasha,* 24 MJ 87, 91 (CMA 1987); *United States v. Snyder,* 6 USCMA 692, 21

CMR 14 (1956); *United States v. Bowers*, 3 USCMA 615, 14 CMR 33 (1954).

In my view, the record does not show "an affirmative, calculated, and designed course of action" in this case. To the contrary, the defense position was that only three offenses were committed, that appellant had already admitted committing them, and that he had pled guilty to them. Defense counsel asked the military judge to tell the members that indecent acts are a lesser-included offense of rape and sodomy. After the military judge outlined her intended instructions, defense counsel responded that the instruction was "not exactly what I wanted, but it's close," suggesting that the instruction was not completely satisfactory. The subsequent comment by defense counsel, "Yes ma'am, I agree," does not establish a waiver, as asserted by the majority. It is an ambiguous response, equally susceptible of interpretation as agreement with the military judge's observation that indecent acts are a lesser-included offense of rape and sodomy. In my view, this dialog does not reflect a tactical decision to pursue an "all or nothing" defense. At best, it shows something between confusion and reluctant acquiescence.

I also disagree with the majority's assertion that the error was harmless because the evidence was overwhelming. Although appellant admitted digital penetration, he denied penile penetration. The prosecution relied heavily on medical evidence to support the allegations of rape and sodomy. Defense counsel established during cross-examination of the Government's medical expert that the condition of the victim's anus was not consistent with penile penetration, that there was no evidence of abrasions, tears, or scar tissue in the victim's vagina, and that the condition of her hymenal tissue and vagina was consistent with repeated digital penetration. The defense argued that the medical evidence was consistent with penetration by appellant's thumb or more than one finger.

Trial counsel argued that appellant committed many more offenses than the three he admitted. The military judge's instruction gave no guidance on the number of offenses at issue. The military judge told the members that they were permitted to consider appellant's guilty plea "to the extent that [it] admits an element of that offense which also establishes an element of [rape] or [sodomy] directly or by implication." The military judge further instructed the members that, "[t]o the extent that an element of [indecent acts] is also an element of [rape] or [sodomy], the accused's plea of guilty establishes that element without the necessity of further proof." Thus, the instructions permitted the members to use appellant's guilty plea against him on the rape and sodomy charges, but did not permit the members to use it in his favor by finding him guilty only of the lesser-included offense to which he had pleaded guilty. These instructions gave the members an "all or nothing" choice, thereby undercutting the defense theory that appellant was guilty only of the indecent acts, including the digital penetration that he had admitted in his guilty plea.

Finally, because of the defective instructions, we cannot ascertain from the record whether the members intended to convict appellant of three offenses or five offenses. If they believed that on two of the three occasions covered by appellant's guilty plea, he did more than he admitted, then appellant stands convicted of the greater offenses, rape and sodomy, as well as the lesser-included offenses of indecent acts, for the same acts. Because of the ambiguity caused by the instructions, this Court cannot determine if appellant was convicted of both the greater and lesser-included offenses for the same acts.

For the above reasons, I would set aside the convictions of rape and sodomy and authorize a rehearing where appellant's guilt or innocence can be determined in a correct legal framework.