UNITED STATES, Appellee,

v.

Joseph K. AVERY, Jr., Specialist
U.S. Army, Appellant.

No. 96–1157.
Crim.App. No. 9500062.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 27, 1999.

Decided April 14, 2000.

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE and EFFRON, JJ., and COX, S.J., joined. SULLIVAN, J., filed an opinion concurring in part and in the result.

For Appellant: *Captain Thomas Jay Barrett* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Adele H. Odegard,* and *Major Leslie A. Nepper* (on brief).

For Appellee: *Captain Troy A. Smith* (argued); *Colonel Russell S. Estey,* and *Lieutenant Colonel Eugene R. Milhizer* (on brief).

Chief Judge CRAWFORD delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of rape and adultery, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. The convening authority approved the sentence of a dishonorable discharge, 6 years' confinement, total forfeitures, and reduction to the lowest enlisted grade. On May 17, 1996, the Army Court of Criminal Appeals affirmed the findings and sentence.

On December 15, 1997, this Court set aside the decision of the Court of Criminal Appeals

and remanded the case to that Court to make findings of fact and conclusions of law as to:

(1) whether the Government failed to disclose exculpatory material to appellant prior to trial and, if so, what evidence was not disclosed; (2) whether defense counsel already possessed all or part of the information; (3) whether defense counsel, when requested post-trial to reveal the information she possessed, erroneously claimed privilege; and (4) whether any such failure by the Government to disclose constituted reversible error.

On April 17, 1998, the Court of Criminal Appeals ordered the prosecutors and the trial defense counsel to produce affidavits answering the issues mandated by this Court. All counsel provided affidavits in response to the court order. On July 21, 1998, the Army Court affirmed the findings and sentence.

On October 27, 1999, this Court heard argument on the following issue:

WHETHER APPELLANT WAS PREVENTED A MEANINGFUL OPPORTUNITY TO CROSS–EXAMINE THE CRITICAL WITNESS AGAINST HIM, THEREBY DENYING HIS 6TH AMENDMENT RIGHT TO CONFRONT WITNESSES, DUE TO THE GOVERNMENT'S FAILURE TO DISCLOSE EXCULPATORY EVIDENCE REQUESTED DURING DISCOVERY.

We hold that appellant waived any error regarding the Government's failure to disclose.

## FACTS

On November 22, 1994, at appellant's Article 32, UCMJ, 10 USC § 832, investigation, trial defense counsel learned that the victim, Private First Class (PFC) C, made similar allegations of rape 1 year earlier while stationed at Fort Hood, Texas. Despite a defense pretrial discovery request for the Fort Hood Criminal Investigation Command (CID) report involving the prior rape allegation by PFC C, it was not given to defense counsel until trial was completed.

At an Article 39(a), UCMJ, 10 USC § 839(a), session during trial, the Government made a motion *in limine* to preclude the defense from introducing evidence of the victim's prior rape allegation at Fort Hood. Although the prosecutor did not have a copy of the Fort Hood CID report to review at the time of his motion *in limine*, he argued that there did not appear to be evidence that this report was false. The factual references in the Government's motion *in limine* repeat PFC C's assertions made during the Article 32 investigation. When asked by the military judge to respond to the Government's motion, defense counsel stated:

I did make a discovery request for this and basically, because I didn't receive this information—the Government has prevented me from having a good faith basis to even ask this question. I don't intend to go into it at any rate, but I did—I would like it on the record that I did make a discovery request.

Following this statement, the military judge questioned defense counsel about the discovery request, at which time defense counsel made no motions to compel the discovery of the CID report or to request a continuance until the CID report was received. After this exchange, the military judge concluded "[a]t this point" that the report of the victim's prior allegation of rape had no apparent relevance "to any issue before the court" and granted the Government's motion.

In mid-February 1995, while preparing post-trial submissions, defense counsel again requested the Fort Hood CID report and received it soon thereafter. Subsequent to the receipt of the CID report, a post-trial Article 39(a) session was held concerning a sleeping courtmember. At no time during this session did defense counsel raise any issue pertaining to possible uses of the CID report then in her possession.

## DISCUSSION

The Government's failure to turn over the CID report of the victim's prior rape allegation prior to trial is the crux of this appeal. Appellant argues that this failure on the part of the Government prevented an effective cross-examination of the victim and, thus, violated his Sixth Amendment right to confront the witnesses against him.

 The Government is required to produce evidence that is relevant, material, and favorable to the accused. RCM 701, Manual for Courts–Martial, United States (1994 ed.); * *United States v. Hart*, 29 MJ 407 (CMA 1990); *United States v. Dorsey*, 16 MJ 1, 5 (CMA 1983). This includes disclosure of information which may expose a witness' motivation for falsifying a rape complaint. *Olden v. Kentucky*, 488 U.S. 227, 232, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988). Appellant correctly argues that the "exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Id.* at 231, 109 S.Ct. 480, quoting *Davis v. Alaska*, 415 U.S. 308, 316–17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), citing *Greene v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959).

 The Supreme Court has also noted that "courts indulge every reasonable presumption against waiver of fundamental constitutional rights" and do not presume acquiescence in relinquishment of these rights. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Thus, waiver is effective only if it is knowingly and intelligently rendered. *Id.* Additionally, we have required that waiver be an affirmative action and not merely a failure to object. *United States v. Smith*, 50 MJ 451, 455–56 (1999), quoting *United States v. Mundy*, 2 USCMA 500, 502, 9 CMR 130, 132 (1953). In light of this precedent and after considering the facts of the present case, we hold that the defense affirmatively waived any objection to the Government's nondisclosure.

 After learning of the victim's prior allegation of rape, defense counsel asked for the CID report of this allegation and subsequent investigation. Although the report had not been given to counsel when trial commenced, defense counsel did not request a continuance from the military judge. Nor did the defense make a motion to compel discovery of the CID report. Instead, when asked by the military judge to respond to the prosecution's *motion in limine* defense coun-

sel replied, "I don't intend to go into it [the victim's prior rape allegation against another soldier] at any rate...."

In *Smith*, 50 MJ at 456, this Court noted that "[n]o magic words are required to establish waiver.... [It is] more than sufficient to show that defense counsel made a purposeful decision to agree" with the military judge's ruling. In this case, defense counsel was clear about her intent to refrain from questioning the witness/victim concerning the prior allegation of rape. Counsel need not have literally told the judge that she waived the issue of the Government's failure to produce discovery. Her statement that "I don't intend to go into [the prior rape allegation] at any rate" is sufficient. Although defense counsel had other options, such as asking for a continuance, she chose to forgo this issue at trial, which was in her tactical discretion. *See United States v. Voorhees*, 50 MJ 494, 500 (1999) (this Court will not second guess trial defense counsel's tactical decision to forgo possible objection).

After the trial had concluded, the defense received a copy of the CID report from Fort Hood. Subsequently, at a post-trial Article 39(a) session, the defense never mentioned the newly acquired CID report. If something in that report had been misrepresented in the Government's motion *in limine*, or if the defense felt it had been cheated out of effective cross-examination by being denied this report, it would have been appropriate to raise this issue at the Article 39(a) hearing. The defense, however, said nothing.

Next we test for plain error. This Court set forth the standard of plain error in military practice in the case of *United States v. Powell*, 49 MJ 460 (1998). We held that the appellant has the burden to show plain error. *Id.* at 465. Once the appellant has "met his burden of persuasion ... the burden shift[s] to the Government to show that the error was not prejudicial." *Id.* Plain error occurs when there is error that is clear or obvious which "materially prejudices the substantial rights of the accused." *Id.*, quoting Art. 59(a), UCMJ, 10 USC § 859(a).

---

* This provision is unchanged in the 1998 Manual.

The Government erred in this case by failing to provide the defense with the requested discovery before trial began. However, the defense had a number of opportunities to remedy this situation by requesting a continuance to compel discovery and chose not to do so. In light of these opportunities, we cannot say that appellant's substantial right to confront the witnesses against him was materially prejudiced. In any event, the nonproduction of the CID report at trial did not have an unfair prejudicial impact on appellant because the defense made a tactical decision not to present evidence of the victim's prior rape allegation against another soldier. Moreover, there was no evidence or indication in the report that the victim's allegations were false.

Under the circumstances of this case, we find that defense counsel waived any error on the part of the Government to produce the requested discovery and that no plain error exists.

The decision of the United States Army Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in part and in the result):

I would face the granted issue head on. The core of appellant's complaint is that he was denied information which would have helped him cross-examine and impeach the alleged victim of rape in this case. *See*
*Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). However, the record in the instant case shows that appellant and his defense counsel had most of the information on the prior allegation of rape by the alleged victim at the time of his Article 32 hearing and certainly prior to trial. In addition, looking at the undisclosed trial counsel's opinion (that the alleged victim's prior complaint of rape "was very weak") in light of the entire record, it is evident that the prosecutor's decision not to prosecute the prior rape cannot reasonably be considered as exculpatory evidence in the sense of *Davis v. Alaska*.

In the case at bar, there was no finding by any court that the victim's prior rape accusation was false. There also was no hint from the victim that she had falsely reported the prior rape. In addition, there was evidence that the perpetrator in the prior rape may have made some damaging admissions indicating that he did rape her. *See Avery*, No. 9500062, unpublished op. at 4, 10 (Army Ct. Crim.App. July 21, 1998). Thus, it is clear that appellant has failed to prove a reasonable probability of prejudice in this case. Accordingly, since there was no significant impairment of the right to present a defense, I would affirm on this basis. *See United States v. Scheffer*, 523 U.S. 303, 317, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998).