# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class CARL L. PONDER
### United States Air Force

## ACM S32161

## 28 October 2014

Sentence adjudged 30 April 2013 by SPCM convened at Joint Base Anacostia–Bolling, District of Columbia. Military Judge: Francisco Mendez (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $500 pay per month for 6 months, and reduction to E-1.

Appellate Counsel for the Appellant: Lieutenant Colonel Jane E. Boomer.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

The appellant providently pled guilty to violating a general regulation by using alkyl nitrites ("poppers"); wrongfully possessing with intent to distribute, and distributing, trenbolone, a Schedule III controlled substance; and wrongfully possessing with intent to distribute, and distributing, dianabol, a Schedule III controlled substance, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. A military judge sitting alone as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for 110 days, forfeiture of $500 pay per month for 6 months, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved

only 3 months of confinement, but he approved the remainder of the sentence as adjudged.

The appellant asserts the following errors: (1) there are post-trial processing errors because the acting staff judge advocate signed the addendum to the staff judge advocate's recommendation, while the staff judge advocate signed the court-martial order, yet both are dated the same day; (2) the specifications of possession with intent to distribute and distribution, for both trenbolone and dianabol, are multiplicious or an unreasonable multiplication of charges; and (3) his sentence is inappropriately severe.

*Background*

Pursuant to a pretrial agreement (PTA), the appellant pled guilty to all charges and specifications. The appellant admitted that he inhaled "poppers" five times at the "Town" nightclub in Washington, D.C., in order to "create a euphoria, kind of like being drunk." He admitted that he received two vials of trenbolone, a steroid, in the mail from a gym friend. He sought out the substance for both his own use and to distribute it. He distributed half a vial in exchange for $80 to $120. At the same time, he also received four vials of dianabol, which he distributed for $80 to $120 per vial.

*Waiver of Multiplicity and Unreasonable Multiplication of Charges*

As part of his PTA, the appellant agreed to waive all waivable motions. Although the President has prohibited the waiver of certain fundamental rights in a PTA, multiplicity and unreasonable multiplication of charges are not among them, and therefore an accused can knowingly and voluntary waive these issues. *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009). A "waiver of any waivable motions" provision normally bars an appellant from asserting claims of multiplicity and unreasonable multiplication of charges on appeal. *See id.* at 313 (stating that when an appellant "intentionally waives a known right at trial, it is extinguished and may not be raised on appeal"). In *Gladue*, our superior court expressly considered the difference between a waiver as part of a PTA and waiver (or, more specifically, forfeiture) as a result of an unconditional guilty plea alone. Our superior court held that, in the latter case, an appellant would be entitled to appellate relief if the specifications are facially duplicative even if he failed to raise a multiplicity claim at trial. *Id.* at 314 (citing *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997)). The *Gladue* court went on to cite a caveat in *Lloyd*: "Express waiver or voluntary consent, however, will foreclose even this limited form of inquiry." *Id.* (citing *Lloyd*, 46 M.J. at 23) (internal quotation marks omitted). No "magic words" are required to establish a waiver. *United States v. Elespuru*, 73 M.J. 326, 328 (C.A.A.F. 2014) (quoting *United States v. Smith*, 50 M.J. 451, 456 (C.A.A.F. 1999)). Instead, it depends on the specific facts and circumstances of each case. *Id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

In the case before us, the military judge specifically inquired about the "waive all waivable motions" provision of the appellant's PTA and explained to the appellant that it included motions to dismiss charges. The appellant explained that through counsel he originated this provision, understood it, and had consulted with his counsel about it. The inquiry then focused on two motions that trial defense counsel had previously provided notice of to the military judge, neither of which was multiplicity or unreasonable multiplication of charges. However, the military judge had earlier identified these issues to the appellant when conducting the plea inquiry into the offenses of possession with intent to distribute the controlled substances and the distribution of the same:

> [MJ:] Also, although we are talking about these – because I suspect factually they're going to meld together, I want you to understand that you – I want you to understand that these are two separate offenses. By that I mean the possession with the intent to distribute the steroid, Schedule III controlled substance, is different from the actual distribution of the controlled substance, and that by your plea of guilty you are admitting to two different crimes. Do you understand this?
>
> ACC: Yes, sir.

In this case, the military judge's inquiry explained to the appellant how the two sets of Article 112a, UCMJ, specifications were distinct from each other. It also established that the waiver provision of the PTA was knowing and intelligent. The appellant received the benefit of that PTA in the form of limiting confinement to three months. While not using the exact terms, multiplicity and unreasonable multiplication of the charges were concepts considered and discussed during the providence inquiry. We find no reason on the facts of this case to second-guess the appellant's PTA and grant relief on theories explicitly waived at trial. Based on the specific facts and circumstances of this case, we find the appellant expressly waived any claim of multiplicity and unreasonable multiplication of charges as to these specifications and extinguished his right to raise these issues on appeal. *See Gladue*, 67 M.J. at 314; *Elespuru*, 73 M.J. at 328–29.

*Post-Trial Processing*

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Here the appellant alleges that error exists because two documents with the same date are signed by the acting staff judge advocate and the staff judge advocate (SJA). The acting SJA signed the addendum to the staff judge advocate's recommendation on 2 July 2013, and the convening authority took action that same day. The new SJA arrived on station on 19 July 2013,

and she signed the court-martial order for the convening authority, dated 2 July 2013. Rule for Court-Martial 1114(c)(2) requires that the promulgating order bear the same date as the initial action. We find no error.

*Sentence Appropriateness*

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

We have reviewed and considered this particular appellant, the nature and seriousness of his offenses, his record of service, and all matters contained in the record of trial, including his arguments on appeal. We find the appellant's approved sentence appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court